2 So.3d 356 (2008)
Lee Edward DEBELL and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Robert PIERMATTEO and Tara Piermatteo, Appellees.
Nos. 4D07-1748, 4D07-1918, 4D07-2910.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
*357 Neil Rose and Robyn Lustgarten of Bernstein, Chackman, Liss & Rose, Hollywood, for appellants.
Andrew A. Harris and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, and Roger N. Messer of Messer and Messer, Port St. Lucie, for appellees.
PER CURIAM.
Affirmed.
KLEIN and DAMOORGIAN, JJ., concur.
FARMER, J., concurs specially with opinion.
FARMER, J., concurring specially.
One of the central factual issues in this vehicle accident case is whether the defendant driver was an independent contractor rather than an employee of the corporate defendant. The law is that "if the one securing the services controls the means by which the task is accomplished, the one performing the service is an employee; if not, he is an independent contractor." Miami Herald Pub. Co. v. Kendall, 88 So.2d 276, 277 (Fla.1956). Hence the controlling factor is the controlling factor.
In submitting this issue to the jury, the trial court gave a portion of civil Standard Jury Instruction (SJI) 3.3b(1) as follows:
"An independent contractor is a person engaged by another to perform specific work according to his own methods and whose method[s] of performing of work are not controlled by the person engaging him and are not subject to that person's right of control."
Defendants requested that the court add a special jury instruction on this issue, that said:
"Now there is a 10-factor test in determining whether a person is an independent contractor or an employee. The extent of control which, by agreement, the master may exercise over the details of the work. If a person is subject to the control or direction of another, as to his results only, he is an independent contractor, whether or not the one employee is engaged in a distinct occupation or business; the kind of occupation which reference to whether in the localities the work is usually done under the direction of the employer or by a specialist without supervision; the skill required in the particular occupation, whether the employer or the workman supplies the instrumentalities, tools and the place of work for the person doing the work; the length of time for which the person is employed; the method of payment whether by time or by the job; whether the work is part of the regular business of the employer; whether or not the parties believe they are creating the relationship of master and servant; and whether the principal is or is not a business."
Plaintiffs objected to the above special instruction, arguing only that the court should give solely SJI 3.3b(1). Plaintiffs did not argue that the special instruction created a conflict with SJI 3.3b(1).
I concur in affirming on this issue. For one thing, the only evidence presented to the jury on the issue of control was that the corporate defendant had no right to control the defendant driver as to laying of cable. In the absence of conflicting evidence, the court could have granted a directed verdict on the issue of control. For another, the only objection made below is *358 not by itself a dispositive reason for denying a special instruction.
I think SJI 3.3b(1) and the special instruction are in conflict. The portion of SJI 3.3b(1) used here tells the jury that, in order to be deemed an employee, the entity securing the services must control the one performing the work; if such control is lacking then the performing person is an independent contractor. The special instruction implies that the issue is not really whether there is control but the extent of such controlyet then fails to specify what the necessary extent should be. When faced with these two instructions, a lay jury would understandably be confused as to what really is the controlling factor on the controlling factor.
Apart from confusion engendered by laying both instructions before a jury, we should urge trial judges to resist any temptation to expand on a SJI with multi-factor tests lifted from appellate opinions. Appellate opinions are almost never written for use as jury instructions. On the contrary, they are primarily written with trained lawyers in mind as their principal readers.
Moreover, we should presume that the Supreme Court Committee on Standard Jury Instructions (Civil) has considered whether the current instruction would usefully be supplemented with these additional factors and purposefully omitted them. Even if special circumstances did actually indicate an infrequent and unique necessity to supplement a SJIwhich the trial judge must fully articulate on the record the court should present the factor(s) as something the jury may but is not required to consider. In any event it is not likely to make the Jury's task any easier simply to lay a group of "factors" or "tests" before them without elaboration as to how they should be considered or applied to resolve conflicts in the evidence. Judges should decline to instruct as to factors not particularly germane to the facts and circumstances in the case on trial, as here. Finally, trial judges should keep in mind that giving instructions on multi-factor tests or factors may have the effect of functioning as a judicial comment on omissions in the evidence or emphasizing some facts over others.